AARON GIBSON v. JAS. D. COMPTON.

1. CASE STATED. The administrator and heirs of Compton recover a decree against Gibson, rescinding a sale of land from the latter to Compton, in his life-time, and to refund the purchase money which had been paid to Gibson. Pending the litigation, Gibson paid to Compton, administrator, $600, to be applied to the payment of the decree, if it should go against him. After the decree, Gibson filed a bill against Compton's heirs and his administrator, and the sureties on his bond, to have the decree credited with the $600. The Chancellor decreed that the sureties of the administrator pay to the heirs of Compton the money paid to the administrator by Gibson. *Held*, to be erroneous.

2. SURETIES OF ADMINISTRATOR. *By whom and how reached.* The decree against the sureties of the administrator, at the instance of Gibson, alone, when no such relief was prayed for by the heirs and distributees of Compton, was erroneous.

3. APPEAL. *What it brings up.* The appeal of the sureties being from an independent liability fixed on them by the decree, clearly separable from the other branches of the case, and the question not necessarily involved in the proper settlement of the other question of the credit sought by Gibson, the appeal of the sureties only brings up the correctness of the decree against them.

FROM WILSON.

Appeal from the Chancery Court. CHAS. G. SMITH, Chancellor.

HEAD & SONS for Compton.

WILLIAMSON & MARTIN for Gibson.

FREEMAN, J., delivered the opinion of the Court.

About the year 1853, Charles Compton filed his

bill against Aaron Gibson, to rescind a deed made to him by Gibson for a tract of land, upon the ground that there was a partial defect of title which had been fraudulently concealed; pending this bill, and before a hearing, Compton died, and the cause was revived in the name of his administrator and heirs. Upon the hearing the relief was granted, the contract rescinded, and a decree rendered that Gibson refund to the complainant the purchase money. There was an appeal, and the decree was affirmed in this Court. Subsequent to this the present bill was filed by Gibson, alleging that pending the appeal to this Court in the cause referred to, he let Richard S. Compton, who was the admintrator of Charles Compton's estate, have a note on one Kennedy for upwards of $700, for which he took said Richard's two notes, one for $100, the other for upwards of $600. The understanding was that the $100 was a loan to Richard S. individually. The other $600 note, in the event the decree aforesaid was affirmed in the Supreme Court, was to go as a payment of so much of the decree for purchase money. If the decree was reversed, said Richard S. was to refund this sum. He prays that he be allowed the benefit of these sums as a payment on the decree in the first mentioned case, for purchase money. He makes the sureties of Richard S. Compton on his bond as administrator, parties defendant, as well as the heirs and distributees of Charles Compton, deceased, and the bill charges that the sureties should be held liable to the heirs for the amount thus paid to Richard S., and

prays that he be allowed a credit for the judgment. The sureties of Richard S. answer, and deny their liability. Richard S. made no defence. The other heirs answer, and say they are entitled to their money either from Gibson or Richard S. Compton and his sureties.

The decree of the Chancellor gives to Gibson, or his representative, he having died, the relief prayed for; and further decrees that the sureties ·of Richard S. Compton pay to the heirs of Charles Compton the amount of said sums paid to him by Gibson, less the share of said Richard S. and John D., another son, who had also used a part of the Kennedy note. This decree was in favor of all the heirs except Richard S. and John D. From this decree the sureties of Richard S. have appealed. The decree against the securities of Richard S. Compton, at the instance of Gibson alone, and when no such relief was prayed for by the heirs and distributees of Charles Compton, we think is erroneous. In this question Gibson had no interest. His sole interest was to obtain credit for the amount of the Kennedy note which he let Richard S. Compton have. Whether the other heirs and distributees of Charles Compton can hold the securities of Richard S., on his bond as administrator, liable for their share of the sum in question, that would arise when they call him to account for his administration. He has not been called upon by the distributees to exhibit his accounts, and no settlement has been made.

This ends the case, so far as this appeal is con-

cerned. The heirs have filed no cross-bill, nor instituted any proceedings, as far as this record goes, to fix any liability on the sureties of Compton. Gibson clearly had no right to file a bill to enforce their rights, whatever they might be, as against their sureties. The appeal of the sureties being from an independent liability fixed on them by the decree, clearly separable from the other branch of the case, and the question not necessarily involved in the proper settlement of the other question of the credit sought by Gibson, the appeal of the sureties only brings up the correctness of the decree against them.

That decree, on the pleadings before us, was clearly erroneous, and must be reversed. The question of the propriety of the decree allowing the credit is not before us, and remains as fixed by the decree below. The costs of this Court will be paid by Gibson.